**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BISHAL LAMA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4232

Agency No.
A216-254-898

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2025[**]
San Francisco, California

Before: RAWLINSON and KOH, Circuit Judges, and FITZWATER, District
Judge.[***]

Bishal Lama (Lama), a native and citizen of Nepal, petitions for review of an

order from the Board of Immigration Appeals (BIA) dismissing his appeal of the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Immigration Judge's (IJ's) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

**1.** Substantial evidence supports the BIA's conclusion that the violence and harassment Lama faced in Nepal were not committed "by forces that the government was unable or unwilling to control." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citations omitted). Lama did not report his first four encounters with Maoist Communists to the police.[1] When he reported the fifth encounter, which involved physical violence, the police inquired about when, where, and how the attack occurred. When Lama followed up two days later, the police informed him that they were investigating. The agency reasonably relied on this evidence that the police conducted an appropriate inquiry and investigated the attack. *See Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (per curiam) (holding that substantial evidence supported the BIA's conclusion that the government was not unable or unwilling to protect petitioners because the petitioners "sought assistance from the Italian police, who dutifully made reports after each incident and indicated that they would investigate"). Accordingly, the evidence does not compel the conclusion that Lama suffered past persecution.

---

[1] These encounters involved verbal threats in person, in a letter, and over the telephone. According to Lama, these threats resulted from his work with the Nepali Congress Party.

**2.** Absent evidence of past persecution, Lama may obtain relief by showing a well-founded fear of future persecution that is subjectively genuine and objectively reasonable. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). Lama did not argue to this Court that he has a well-founded fear of future persecution. Rather, Lama argued that the agency's "flawed conclusion that Mr. Lama failed to establish past persecution" resulted in an erroneous finding regarding his fear of future persecution. As discussed above, substantial evidence supports the conclusion that Lama failed to establish past persecution. Thus, this argument fails.

In any event, substantial evidence supports the conclusion that Lama does not have an objectively reasonable fear of future persecution. Lama's father, a worker for the Nepali Congress Party for which Lama also worked, continues to live in Nepal without any reports of harm. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (explaining that "a petitioner's fear of future persecution is weakened, even undercut, when similarly situated family members living in the petitioner's home country are not harmed") (citation, emphasis, and internal quotation marks omitted). In addition, the country conditions evidence Lama submitted to the BIA indicates that positive changes have occurred in Nepal, which mitigates any fear of continued harm. *See id*.

**3.** Because Lama failed to show either past persecution or an objectively

reasonable fear of future persecution, he failed to demonstrate his eligibility for asylum or withholding of removal. *See Velasquez-Gaspar*, 976 F.3d at 1065. The BIA did not "evaluate Mr. Lama's CAT claim under an incorrect legal standard," as Lama contends. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (explaining that we review the BIA's legal conclusions de novo). The BIA affirmed the determination that the harm Lama suffered did not rise to the level of torture. This determination is consistent with our precedent. *See Acevedo Granados v. Garland*, 992 F.3d 755, 764–65 (9th Cir. 2021) (upholding the BIA's denial of CAT relief because the petitioner failed to show that officials possessed the "requisite specific intent" to torture him).

Because Lama failed to meet the less demanding burden of demonstrating a well-founded fear of persecution for asylum, he necessarily failed to satisfy the higher burden for CAT relief. *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 754 (9th Cir. 2021) (explaining that meeting the "high burden of demonstrating" a likelihood of torture "necessarily meets the lower burden" of demonstrating "a well-founded fear of future persecution" for purposes of asylum eligibility) (citation and alterations omitted). Thus, substantial evidence supports the BIA's determination that Lama is not eligible for CAT relief. *See Tamang*, 598 F.3d at 1095.

**PETITION DENIED.**

24-4232